NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 29 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KALEB JORAM KODONGAN, | No. 11-73827 |
| Petitioner, | Agency No. A096-194-929 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Kaleb Joram Kodongan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Kodongan's untimely motion to reopen for failure to establish prima facie eligibility for the relief sought. *See id.* (explaining the BIA can deny a motion to reopen based on at least three independent grounds, including "failure to establish a prima facie case for the relief sought"); *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (even under disfavored group analysis, petitioner must present some evidence of individualized risk); *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (petitioner failed to demonstrate it is more likely than not petitioner would be tortured if returned). We reject Kodongan's contention that the BIA erred in denying his motion to reopen on this basis.

Further, in light of the court's decision in *Kodongan v. Mukasey*, No. 06-71251, 2008 WL 4949149 (9th Cir. Nov. 13, 2008), the BIA did not abuse its discretion in denying the motion to reopen to apply our decisions in *Wakkary*, 558 F.3d at 1049, and *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**